IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THERESA GARAFOLO | : | |
| | : | |
| Plaintiff | : | No.: 07-cv-11165 |
| v. | : | |
| | : | |
| HEALTHCARE SERVICES GROUP, INC. | : | |
| | : | ANSWER |
| Defendant | : | |

Defendant Healthcare Services Group, Inc. ("Healthcare"), by its attorneys, responds to the numbered paragraphs of the Complaint as follows:

### Nature of the Case

1. Paragraph 1 is a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed to be required, Healthcare denies that it discriminated against Plaintiff on the basis of sex, age, disability and/or perceived disability, and also denies that it retaliated against Plaintiff.

### Jurisdiction and Venue

2. Admitted.

3. Admitted.

### Parties

4. Admitted in part; denied in part. Healthcare admits that Plaintiff is female. Healthcare is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 4.

5. Admitted.

**Procedural Prerequisites**

6. Admitted.

7. Admitted.

8. Admitted.

**Alleged Material Facts**

9. Healthcare admits Plaintiff was employed as a Manager of Resident Clothing and Laundry Services by Kings Harbor. Healthcare is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 9.

10. Healthcare is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 10.

11. Healthcare is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 11.

12. Admitted.

13. Admitted in part; denied in part. Healthcare admits Plaintiff's employment began with Healthcare on August 1, 2005. Healthcare denies the balance of the allegations of Paragraph 13. Healthcare avers that Plaintiff's position was eliminated and she was given the opportunity to fill a new position with different responsibilities - Assistant Manager.

14. Denied

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied. Healthcare avers that in early October 2005 Plaintiff was informed that her shift began at 7:00 am effective immediately.

21. Denied. Healthcare avers in November 2005 while at Kings Harbor, Stuart Fishberg did address Plaintiff's lateness in front of other employees in an appropriate manner.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied. Healthcare avers there was no office role for Plaintiff.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied. Healthcare avers Mr. Fishberg advised Plaintiff to address her nondiscriminatory business issue with her supervisors. Healthcare avers further that Plaintiff never made any discriminatory allegations to Mr. Fishberg. Healthcare avers still further that it has a Discrimination/Harassment Policy which prohibits discrimination and harassment and provides an internal complaint resolution procedure; that Plaintiff was in-serviced on this Policy on January 31, 2006; but that Plaintiff never utilized the internal complaint resolution procedure.

33. Denied.

34. Denied.

35. Admitted.

36. Denied.

## As a First Cause of Action
## For Alleged Discrimination under Title VII

37. Healthcare hereby incorporates the answers to Paragraphs 1 through 36 as though fully set forth herein.

38. Admitted.

39. Denied.

## As a Second Cause of Action
## For Alleged Discrimination under the ADEA

40. Healthcare hereby incorporates the answers to Paragraphs 1 through 39 as though fully set forth herein.

41. Admitted.

42. Denied.

43. Denied.

## As a Third Cause of Action
## For Alleged Discrimination under Title VII

44. Healthcare hereby incorporates the answers to Paragraphs 1 through 43 as though fully set forth herein.

45. Admitted.

46. Denied.

## As a Fourth Cause of Action
## For Alleged Discrimination under the ADEA

47. Healthcare hereby incorporates the answers to Paragraphs 1 through 46 as though fully set forth herein.

48. Admitted.

49. Denied.

## As a Fifth Cause of Action
## For Alleged Discrimination under New York City Law

50. Healthcare hereby incorporates the answers to Paragraphs 1 through 49 as though fully set forth herein.

51. Admitted.

52. Denied.

## As a Sixth Cause of Action
## For Alleged Discrimination under New York City Law

53. Healthcare hereby incorporates the answers to Paragraphs 1 through 52 as though fully set forth herein.

54. Admitted.

55. Denied.

## As a Seventh Cause of Action
## For Alleged Discrimination under New York City Law

56. Healthcare hereby incorporates the answers to Paragraphs 1 through 55 as though fully set forth herein.

57. Admitted.

58. Denied.

## As an Eighth Cause of Action
## For Alleged Discrimination under New York City Law

59. Healthcare hereby incorporates the answers to Paragraphs 1 through 58 as though fully set forth herein.

60. Admitted.

61. Denied.

**Alleged Injuries and Damages**

62. Denied.

**AFFIRMATIVE DEFENSES**

A. Plaintiff has failed to mitigate her damages, if any.

B. Plaintiff's claims, or parts thereof, are barred by the doctrine of waiver and estoppel.

C. Plaintiff cannot prove any discriminatory conduct on the part of Healthcare in view of the fact that Healthcare has not discriminated against Plaintiff. However, in the alternative, even if Plaintiff could prove discriminatory conduct on the part of Healthcare (which Plaintiff cannot), Healthcare is entitled to prevail because it would have made the same decisions and taken the same actions absent the alleged discriminatory conduct.

D. Plaintiff cannot prove any retaliatory conduct on the part of Healthcare in view of the fact that Healthcare has not retaliated against Plaintiff. However, in the alternative, even if Plaintiff could prove retaliatory conduct on the part of Healthcare (which Plaintiff cannot), Healthcare is entitled to prevail because it would have made the same decisions and taken the same actions absent the alleged retaliatory conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Healthcare requests judgment in its favor and against Plaintiff, and requests that the Court award costs to Healthcare, and such other and further relief as the Court deems just and proper.

           Respectfully submitted,

           COZEN O'CONNOR

By: */s/Jeffrey I. Pasek (JP6213)*
    JEFFREY I. PASEK (JP6213)
    JEFFREY L. BRAFF (JB7234)
    1900 Market Street
    Philadelphia, PA 19103
    (215) 665-2048

    TIMOTHY J. McCARTNEY, ESQUIRE
    Corporate Counsel
    Healthcare Services Group, Inc.
    3220 Tillman Drive
    Glenview Corporate Center, Suite 300
    Bensalem, PA  19020

    Attorneys for Defendant

Date:  February 27, 2008    Healthcare Services Group, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

> William J. Sipser, Esquire
> Tuckner, Sipser, Weinstock & Sipser LLP
> 120 Broadway, 18th Floor
> New York, NY 10271
>
> Counsel for Plaintiff

On this 27th day of February, 2008.

                                            /s/  *Jeffrey L. Braff (JB7234)*
                                            **Jeffrey L. Braff, Esquire**